**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 4 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

vs.

RODOLFO BENSOR GOMEZ,

Defendant-Appellant.

No. 96-2087
(D.C. No. CR 95-488)
(D.N.M.)

ORDER AND JUDGMENT[*]

Before BRORBY, EBEL, and KELLY, Circuit Judges.[**]

Mr. Gomez was convicted by a jury of possession with intent to distribute more than 50 kilograms of marijuana, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2, for which he was sentenced to 33 months imprisonment and three years supervised release. He appeals contending that the trial court erred in admitting the incriminating statements of a non-testifying codefendant (Victoria Jean Garcia) made to government

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

agents.  Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

In Bruton v. United States, 391 U.S. 123 (1968), the Court held that, despite a limiting instruction, a defendant's Sixth Amendment right to confrontation is violated when a confession of a non-testifying codefendant implicates the defendant and the confession is introduced in a joint trial.  Id. at 126.  A proper limiting instruction and redaction of the confession to eliminate the defendant's name or any reference to his existence will solve the Confrontation Clause problem.  Richardson v. Marsh, 481 U.S. 200, 211 (1987).  According to Mr. Gomez, while his name was redacted, his existence was not because the codefendant's statements linked him to the vehicle containing the contraband.  A similar argument (inferential incrimination based upon other evidence in the case) was rejected in United States v. Chatman, 994 F.2d 1510, 1513 (10th Cir.), cert. denied, 510 U.S. 883 (1993).  The redaction and limiting instruction solved any Bruton problem.

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge